UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-23533-CIV-KING

ALEX BENNETT,

      Plaintiff,

v.

USA WATER POLO, INC., and
LYNN KACHMARIK,

      Defendants.

_____/

## ORDER GRANTING LEAVE TO THE DEFENDANTS TO CONDUCT JURISDICTIONAL DISCOVERY LIMITED TO THE AMOUNT-IN-CONTROVERSY REQUIREMENT

THIS CAUSE is before the Court upon the Plaintiff's Motion to Remand and

Supporting Memorandum of Law (D.E. #12), filed February 17, 2009. On March 16,

2009, the Defendants filed their Opposition to Plaintiff's Motion to Remand (D.E. #19).

On March 27, 2009, the Plaintiff filed his Reply (D.E. #24).

After thorough consideration of the parties' briefs[1] and the record, the undersigned

---

[1]The undersigned notes that this Court has also considered the arguments presented in the Motion to Dismiss (D.E. #6) and the accompanying briefs (D.E. #13 & #18). However, the merits of this Motion to Dismiss will only possibly be ruled upon after the merits of the request to remand are resolved. This ordering is proper due to the fact that, if this Court lacks removal jurisdiction and the request to remand is granted, the state court is the proper forum to make a determination concerning the Defendant's assertions (i.e., the Plaintiff's claims are preempted by the Amateur Athletes Act, 36 U.S.C. § 220501 et seq.) made in the Motion to Dismiss.

concludes that a sufficient record does not exist for the Court to make proper factual findings concerning whether the amount-in-controversy requirement is satisfied[2] for diversity jurisdiction. The best course of action is for the parties to conduct jurisdictional discovery—limited to the amount-in-controversy requirement—prior to this Court ruling on the merits of the Motion to Remand. This is necessary due to the undersigned's conclusion that there is no federal-question jurisdiction upon which the instant action could have originally been filed in this Court. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States <u>have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)). In the Defendants' Notice of Removal (D.E. #1), the Defendants asserted that "this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because . . . this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332." The undersigned disagrees with the assertion that this action could have been originally filed in this Court due to federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

The Defendants assert that, because the Plaintiff's claims are allegedly preempted by the Amateur Sports Act, 36 U.S.C. § 220501 *et seq.*, removal was proper and remand

---

[2]Both sides have stipulated that complete diversity exists, as required by 28 U.S.C. § 1332(a).

is unwarranted.  In *Dial v. Healthspring of Alabama, Inc.*, 541 F.3d 1044, 1046-48 (11th

Cir. 2008), the Eleventh Circuit recently addressed this exact issue (albeit in the context

of the Medicare Act, not the Amateur Sports Act):

> "This appeal presents the question of whether a complaint about conduct
> regulated by the Medicare Act filed in state court may be removed to a
> federal court.
> . . .
>
>    The wrinkle in this appeal is that the only source of federal law that
> Healthspring invokes in support of removal is the Medicare Act, which
> 'strips federal courts of primary federal-question subject matter jurisdction'
> over claims that arise under that Act. . . .  In place of that primary federal
> question jurisdiction, the Act provides for an administrative hearing before
> the Secretary of the Department of Health and Human Services. . . .  If the
> amount in controversy is sufficient, the Act provides for 'judicial review of
> the Secretary's final decision' in the form of a civil action in federal district
> court against the Secretary.
>
>    Because the plaintiffs' action is not a 'civil action of which the district
> courts have original jurisdiction,' the action is not removable. . . .  We need not
> decide whether the complaint against Healthspring arises under the Medicare Act
> because the district court lacks removal jurisdiction in any event.  Even if we
> assume that at least one of the beneficiaries' claims for relief arises under the
> Medicare Act, the district court would lack subject matter jurisdiction over their
> complaint because it is not against the Secretary of the Department of Health and
> Human Services for review of an administrative decision."

Like *Dial*, the Defendants only invoke one statute (i.e., the Amateur Sports Act) as the

only source of federal law that supports removal based upon federal-question

jurisdiction,[3] and this statute provides an internal mechanism—which includes a possible

appeal through arbitration—within the United States Olympic Committee ("USOC") and

its national governing bodies (e.g., USA Water Polo, Inc.) as the exclusive method to

---

[3]*See* D.E. #1, Notice of Removal, ¶ 11.

resolve disputes arising under the Amateur Sports Act.  *See Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 595 (7th Cir. 2001) (holding that determinations as to an athletes' eligibility are within the exclusive jurisdiction granted to the USOC); *Lee v. United States Taekwondo Union*, 331 F. Supp. 2d 1252, 1256 (D. Haw. 2004) ("The Ninth Circuit examined the legislative history of the Amateur Sports Act and concluded that Congress had not intended to allow athletes to sue in federal court to enforce rights created by the Amateur Sports Act."); *Cantrell v. United States Soccer Fed'n*, 924 P.2d 789, 792 (Okla. Civ. App. 1996) ("We find Congress, as a general matter, intended to leave questions of eligibility of those involved in amateur athletics to be resolved in accordance with the [Amateur Sports] Act.").  Simply put, the district courts are not a forum that may provide relief for such disputes.  Thus, the instant action is not a case over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  To make this determination, the undersigned—like the Eleventh Circuit in *Dial*—need not address the well-pleaded complaint rule (and its narrow exception based upon complete preemption) because, even assuming one of the Plaintiff's claims (which are written as state tort claims) somehow arises under the Amateur Sports Act, this Court would lack removal jurisdiction in any event due to the aforementioned reasons.

Therefore, removal jurisdiction only exists if this action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332.  The only contested issue between the parties concerning diversity jurisdiction relates to the amount-in-controversy requirement: "The district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

28 U.S.C. § 1332(a). In this Motion to Remand, the Plaintiff asserts that this requirement

is not satisfied; whereas, the Defendants (in their Response to said Motion) assert the

opposite. As a general rule, when a defendant removes a case to federal court from state

court, the defendant "bears the burden of proving that federal jurisdiction exists."

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Furthermore, where the

plaintiff has not pled a specific amount of damages in the complaint removed to federal

court, "the removing defendant must prove by a preponderance of the evidence that the

amount in controversy exceeds the jurisdictional requirement." *Id.* Also, "[i]f the

jurisdictional amount is not facially apparent from the complaint, the court should look to

the notice of removal and may require evidence relevant to the amount in controversy at

the time the case was removed." *Id.* However, conclusory allegations are "insufficient to

meet the defendant's burden." *Id.* at 1320.

Here, the Defendants attempt to satisfy its burden by relying upon speculative

assertions. For example, the Defendants presume that the "Plaintiff's annual salary . . .

likely exceed[s] $50,000, and therefore the jurisdictional amount is satisfied by the

alleged denial of employment for 18 months alone ($75,000 based upon an annual income

of $50,000)." D.E. #19, pg. 11. Rather than speculate concerning the amount of the

Plaintiff's salary and the other evidence that is crucial to such a determination, the

undersigned concludes that the better course of action is for jurisdictional discovery to be

conducted on this matter[4]—as requested by the Defendants—prior to a ruling on the merits of this request to remand. At this time, the Defendants have not satisfied their burden, but sufficient time for jurisdictional discovery should be allotted so that the Defendants may present evidence and the Court may make proper factual findings with regard to this amount-in-controversy requirement. Furthermore, discovery and a subsequent ruling on the merits of this issue will provide any appellate court (should the case be appealed) a more complete record to review any decision of this Court.

The Plaintiff contests that such limited jurisdictional discovery is improper based upon (1) precedent from the Eleventh Circuit and (2) the fact that such discovery could have been conducted in state court prior to removal by the Defendants. The undersigned disagrees. The Defendants should not be denied an opportunity to conduct jurisdictional discovery in this Court simply because such discovery was not conducted in state court prior to removal. Given the fact that the Defendants did not know that the Plaintiff would contest the amount-in-controversy requirement in this Court, it would have been inefficient and premature for them to conduct discovery on this issue in the state court. Furthermore, as evidenced by the fact that the Defendants removed the action to this Court, the Defendants clearly believed that this case—as "stated by the initial

---

[4]The undersigned stresses that this post-removal discovery should be limited to evidence relevant to the amount in controversy <u>at the time the case was removed</u>. *Williams*, 269 F.3d at 1319 ("[A] district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000))).

pleading"—was immediately removable, thereby necessitating that they file the notice of removal within thirty days after they received a copy of the initial pleading or risked that removal would be barred. 28 U.S.C. § 1446(b). The undersigned concludes that it would be unreasonable to expect the Defendants to have already conducted jurisdictional discovery during this short thirty-day period. Furthermore, contrary to the Plaintiff's assertion, precedent from the Eleventh Circuit does not establish that jurisdictional discovery is unwarranted when a defendant has not initially satisfied its burden concerning the amount-in-controversy requirement. In *Williams*, the Eleventh Circuit held that "where the notice of removal asserts the jurisdictional amount and the plaintiff does not challenge that assertion in the district court, we will remand the case to the district court for factual findings on the amount in controversy if the amount in controversy cannot be clearly determined by a review of the record." 269 F.3d at 1321. In this decision, the Eleventh Circuit seemingly assumed that, if the plaintiff does challenge the jurisdictional amount (as done by the Plaintiff in the instant action), the district court will be expected to make factual findings concerning the jurisdictional amount. This conclusion is a logical interpretation, as factual findings by a district court facilitate review by the appellate court. Here, to properly afford the Defendants an opportunity to submit evidence in support of their assertion that the amount-in-controversy requirement is satisfied and to allow this Court to make proper factual findings concerning this issue, the undersigned concludes that the record needs to be more fully developed through jurisdictional discovery.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Defendants be, and the same are hereby, **GRANTED LEAVE to conduct jurisdictional discovery limited to the amount-in-controversy requirement**. The Defendants will have until June 21, 2009 to conduct said discovery. Furthermore, the Plaintiff's Motion to Remand (**D.E. #12**) is hereby **DENIED WITHOUT PREJUDICE to reasserting after said discovery has been conducted**.[5] Finally, the Defendants' Motion to Dismiss is hereby **DENIED WITHOUT PREJUDICE to reasserting if the merits of the request for remand are resolved in favor of this action remaining in this Court**.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 21st day of April, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:     **_Counsel for Plaintiff_**

**Jamie Blythe Dokovna**
Becker & Poliakoff
121 Alhambra Plaza
Suite 1000
Coral Gables , FL 33134-0003

**_Counsel for Defendants_**

---

[5]The undersigned considered whether to reserve ruling on the Motion to Remand but concludes that the better course of action is for the Plaintiff to re-file said Motion after discovery so that the Defendants may file a new response.

**Derek Eduardo Leon**
Morgan Lewis & Bockius
200 S Biscayne Boulevard
Suite 5300 Wachovia Financial Center
Miami , FL 33131-2339

**John B. Rosenquest , IV**
Jones Walker
601 Brickell Key Drive
Suite 500
Miami , FL 33131
305-415-3423

**Joshua C. Prever**
Morgan Lewis & Bockius
200 S Biscayne Boulevard
Suite 5300 Wachovia Financial Center
Miami , FL 33131-2339